UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONELL ANDERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVE BECK, Warden, )<br>)<br>Respondent. ) | Case No. 04-CV-502-TCK-FHM |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and appears *pro se*. Respondent filed a response to the petition (Dkt. # 4), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 6). Petitioner filed a reply (Dkt. # 9). For the reasons discussed below, the Court finds the petition (Dkt. # 1) shall be denied.

*BACKGROUND*

At approximately 1:30 a.m. on June 29, 2000, Wayne Speed was riding in a car driven by John Sheppard in the vicinity of 6200 N. Boston, in Tulsa County, Oklahoma. Mr. Sheppard had offered Mr. Speed a ride so Mr. Speed could retrieve his bicycle from a person who had borrowed it. While Mr. Speed was putting the bicycle in the trunk of Mr. Sheppard's car he realized that Mr. Sheppard was outside the vehicle and engaged in an argument with a man identified as "L.A.," later determined to be Petitioner. Mr. Speed urged Mr. Sheppard to get in the car so they could leave. As they were leaving, Mr. Speed saw Petitioner remove a chrome gun from his shirt and begin shooting at the car. Mr. Speed ducked when he realized they were being shot at, but Mr. Sheppard was struck by a bullet and killed.

The record before the Court demonstrates that as a result of those events, Petitioner was arrested and convicted by a jury of First Degree Murder, in Tulsa County District Court, Case No. CF-2000-3593. See Dkt. # 1. He was sentenced to life imprisonment. Id. Petitioner was represented at trial by attorney Ron Wallace.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, Petitioner raised two (2) propositions of error on direct appeal:

> Proposition I: Insufficient evidence existed from which the jury could find malice aforethought intent to kill.
>
> Proposition II: Prosecutorial misconduct denied Appellant Anderson a fair trial and due process of law.

(Dkt. # 6, Ex. 8). In an unpublished summary opinion, filed October 17, 2002, in Case No. F-2001-1460, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 6, Ex. 1). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court.

On October 15, 2003, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court (Dkt. # 6, Ex. 2). His claims for relief included:

> Proposition I: Petitioner was denied Effective Assistance of Appellate Counsel.
>
> Proposition II: Petitioner was denied Effective Assistance of Trial Counsel.
>
> Proposition III: There was insufficient evidence to convict Mr. Anderson of any crime.
>
> Proposition IV: The prosecuting attorney knowingly, wilfully and feloniously presented false testimony to the jury.

2

Id. By order filed December 2, 2003 (Dkt. # 6, Ex. 3), the state district court denied the requested relief. Petitioner did not appeal the denial to the OCCA. However, on December 31, 2003, Petitioner filed a document entitled "Amend a Petition to vacate and set aside the judgment and order herein, brief in support." See Dkt. # 6, Ex. 4. The state district court construed Petitioner's attempt to amend the original post-conviction application, which had been denied, as a second application for post-conviction relief. Petitioner raised the following grounds in this second application:

| | |
|---|---|
| Proposition I: | Petitioner is in custody under void judgment and sentence, the court did not advise Petitioner of all constitutional rights, there is no summary of facts exist. In violation of U.S. and Oklahoma Constitution. |
| Proposition II: | Petitioner was denied effective assistance of counsel at trial in violation of Sixth and Fourteenth Amendments to the United States Constitutional rights. |
| Proposition III: | Petitioner has been denied Sixth and Fourteenth Amendment Constitutional rights to have effective assistance of counsel on direct appeal. |
| Proposition IV: | Petitioner is denied due process clause to adequate and effective review of direct appeal by OCCA. |
| Proposition V: | Petitioner denied a review of his issues on post conviction relief, the State ex parte decided the issue. |
| Proposition VI: | The trial court lacked jurisdiction to impose a sentence, because Petitioner was not properly bound over for trial, in violation of the Oklahoma Constitutional Article 2 § 17. |
| Proposition VII: | Petitioner was not allowed to testify at his own trial in violation of the United States and the Oklahoma Constitution to the Due Process Clause. |
| Proposition VIII: | Petitioner's Miranda warning statements obtained in violation of self-incrimination and was not knowingly and intelligent. |
| Proposition IX: | Petitioner was denied a fair trial due to admission of prejudicial victim's photos and other irrelevant testimony. |

>   Proposition X:   Petitioner was subject to fundamental denial of due process by the trial judge as Petitioner did not receive a fair and impartial trial due to the trial judge's bias, partiality, prejudice and erroneous rulings.
>
>   Proposition XI:   Petitioner's conviction obtained in violation of Due Process Clause. The trial court should have declared a mistrial.

See Dkt. # 6, Ex. 4. By order filed March 3, 2004, the state district court denied Petitioner's second application for post-conviction relief (Dkt. # 6, Ex. 5). Petitioner appealed the denial of his second application to the OCCA (Dkt. # 6, Ex. 6). On June 15, 2004, the OCCA affirmed the state district court's denial of relief, in Case No. PC-2004-0326, finding that Petitioner's ineffective assistance of trial counsel claims were waived as they could have been raised on direct appeal. Additionally, the issues of ineffective assistance of counsel previously raised in the first application for post-conviction relief were barred by *res judicata.* (Dkt. # 6, Ex. 7).

Petitioner filed the instant habeas corpus petition on June 22, 2004, raising ten grounds of error:

>   Ground 1:   Petitioner was denied a fair trial due to prosecutorial misconduct.
>
>   Ground 2:   Insufficient evidence existed from which the jury could find malice aforethought intent to kill.
>
>   Ground 3:   Ineffective assistance of counsel.
>
>   Ground 4:   Ineffective assistance of appellate counsel.
>
>   Ground 5:   Petitioner's confinement is unlawful, Petitioner was not properly bound over for trial in violation of Okla. Constitution Article 2 Section 17.
>
>   Ground 6:   Petitioner was not allowed to testify at his own trial in violation of the United States & Oklahoma Constitutions to Due Process.
>
>   Ground 7:   Petitioner's Miranda warning statements obtained in violation of self-incrimination and was not knowingly and intelligently.

>
> Ground 8:   Petitioner was denied a fair trial due to admission of prejudicial victim's photos and other irrelevant testimony.
>
> Ground 9:   Petitioner was subject to fundamental denial of Due Process by the trial judge as Petitioner did not receive a fair and impartial trial due to the trial Judge's bias, partiality, prejudice and erroneous rulings.
>
> Ground 10:  Petitioner's conviction obtained in violation of Due Process Clause. The trial court should have declared a mistrial.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief on grounds one and two under 28 U.S.C. § 2254(d), and grounds three through ten are procedurally barred. See Dkt. # 4. Petitioner replies by arguing the merits of each ground and reiterating that he is entitled to relief (Dkt. # 9).

*ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.   State law claims not cognizable**

First, insofar as Petitioner asserts a violation of the Oklahoma Constitution in grounds five and six, the claims shall be denied because they are not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.. Accordingly, Petitioner's entire ground five claim, and his ground six claim insofar as it is based on alleged violations of the Oklahoma Constitution, are not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

**C.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, Petitioner presented his first and second grounds on direct appeal where they were rejected by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented in grounds 1 and 2.

### 1.     *Prosecutorial misconduct (ground one)*

As his first proposition of error, Petitioner complains that prosecutorial misconduct deprived him of a fair trial by injecting "prejudicial statements which affected the outcome of the trial." See Dkt. # 1 at 5. Petitioner provides no specific examples of the alleged "prejudicial statements" in his petition, but offers a more detailed description of the claim in his reply to Respondent's response. Mirroring the arguments made on direct appeal, Petitioner complains that the prosecutor made the following improper remarks during closing argument:

> From Wayne's testimony, that man, the defendant, had a gun on his person. What do we know from our common sense and our life experience? What have we always heard? What's the purpose of a gun? What is the purpose of a gun? Is a gun something that is used to scare? A gun, most of us have heard, has one purpose, and that's to kill. A use -- the use of a gun is to kill.
>
> So we look at the deliberate intent. What are you taking a gun for, Mr. Anderson? What do you have that gun for? And when you pull that gun, Mr. Anderson, and you point it at John and Wayne as they drive away, what is your intent when you point that gun? The use of a gun is to kill. Deliberate intent must be formed.

See Dkt. # 6, Ex. 9 at 550-51. Defense counsel objected to the prosecutor's remarks, but the trial court overruled the objection (Id. at 551). The OCCA rejected Petitioner's claim of prosecutorial misconduct on direct appeal. Relying upon Hooks v. State, 19 P.3d 294, 314 (Okla. Crim. App. 2001) (holding that closing arguments by a prosecutor will only warrant relief when grossly improper and unwarranted argument affects a defendant's rights), *abrogated* on other grounds as recognized by Warner v. State, 144 P.3d 838 (Okla. Crim. App. 2006), the OCCA found that the

7

"prosecutor's argument was not so grossly improper as to deprive Appellant of his right to a fair trial." See Dkt. # 6, Ex. 1 at 2.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the strength of the evidence put forth by the prosecution, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of Supreme Court law. In light of the evidence presented in this case (see ground two analysis below), the Court finds no reasonable probability that the verdict would have been different without the prosecutor's comments, and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 2. *Insufficient evidence to support first degree murder (ground two)*

In his second ground for relief, Petitioner argues that the state presented insufficient evidence to establish his guilt of first degree murder beyond a reasonable doubt. Specifically, he contends that the state's evidence did not establish that he had the requisite intent to commit a first degree murder because malice aforethought was not proven. Citing Spuehler v. State, 709 P.2d 202, 203-04 (Okla.

8

Crim. App. 1989),the OCCA rejected Petitioner's claim of insufficient evidence on direct appeal. Dkt. # 6, Ex. 1. The Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 4 at 6).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's

decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Oklahoma law sets forth the elements of first degree malice aforethought murder as: (1) death of a human; (2) death was unlawful; (3) death was caused by the defendant; (3) death was caused with malice aforethought. See Okla. Stat. tit. 21, §701.7. Petitioner's jury was further instructed that malice aforethought means "a deliberate intention to take away the life of a human being." See Dkt. # 6, Ex. 11. Petitioner argues that, "under the unique facts presented in this case, no rational trier of fact could have found the essential element of malice aforethought/specific intent to kill." See Dkt. # 9. The Court disagrees. The jury heard testimony from eyewitness, Wayne Speed, who stated that he observed Petitioner and Mr. Sheppard "having words" before they began driving away (Dkt. # 6, Ex. 12 at 303). Mr. Speed also testified that he saw Petitioner raise his shirt, pull out a gun, and fire several shots directly at the car driven by the victim. Id. Mr. Speed further testified that one of the bullets shattered the back window of the car, that the car jumped a curb and came to rest against a concrete pole. Id. at 303-05. Tulsa police officer Ed Coffman testified that bullet fragments were recovered from the victim's car. Id. at 349-64. Forensic pathologist, Dr. Mary Anzalone, testified that she conducted the autopsy on the body of the victim and concluded that he died of a gunshot wound to the chest. Id. at 435. The evidence reflects that Petitioner fired multiple shots into an occupied car being driven by someone with whom Petitioner had been arguing. Based on Oklahoma law and the cited testimony, the Court finds that

a rational trier of fact could have found malice aforethought, and proof of guilt beyond a reasonable doubt of first degree murder.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact).

### D.   Procedural Bar (grounds 3, 4, 6-10)[1]

Petitioner asserts in ground three that his trial attorney was constitutionally ineffective because he failed to investigate and prepare adequately for trial, failed to subpoena alibi witnesses, and refused to allow Petitioner to testify. See Dkt. # 1. He also alleges that his trial counsel did not investigate and interview "critical witness Shawanna Hampton" or subpoena her for trial, and failed to demur to the Information (Dkt. # 9). In ground four, Petitioner claims his appellate attorney was ineffective because he only presented two propositions of error to the OCCA. See Dkt. # 9.[2]

As noted above, Petitioner raised ineffective assistance of trial and appellate counsel issues for the first time in his initial application for post-conviction relief. The state district court denied relief, and Petitioner did not appeal the ruling to the OCCA. When Petitioner raised the issues again

---

[1]   Although Respondent asserts that ground five is procedurally barred, the Court has previously determined that the issue raised in ground five is not cognizable in these habeas proceedings because it is based solely on a claim of an Oklahoma constitutional violation.

[2]   Petitioner provides absolutely no factual basis for this claim in his petition (Dkt. # 1), and makes just the bare allegation in his reply (Dkt. # 9) that appellate counsel presented only two propositions of error. The Court is unable to locate in either the petition or reply the more detailed claims of ineffective assistance of appellate counsel referenced by Respondent in his response. See Dkt. # 4 at 13.

11

in his second application for post-conviction relief, the district court found the issues were barred by *res judicata*, as they had been "decided adversely to the Petitioner in his prior Post-Conviction Relief." See Dkt. # 6, Ex. 5. On appeal of the second application for post-conviction relief, the OCCA affirmed the district court's finding that the ineffective assistance of trial and appellate counsel claims were barred by *res judicata* (Dkt. # 6, Ex. 7 at 3). The OCCA routinely applies a procedural bar to claims raised in a second post-conviction proceeding unless the petitioner provides "sufficient reason" for his failure to raise the claim in an earlier proceeding. Okla. Stat. tit. 22, § 1086; Moore v. State, 889 P.2d 1253 (Okla. Crim. App. 1995). In this case, the OCCA specifically found that Petitioner had not given sufficient reasons for failing to appeal the denial of these issues presented in his first post-conviction application (Dkt. # 6, Ex. 7 at 3).

Grounds six, seven, eight, nine and ten were presented to the state courts for the first time in Petitioner's second application for post-conviction relief. The OCCA found that these issues were waived because they could have been, but were not, raised on direct appeal. Id.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly

"in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's third, fourth, sixth, seventh, eighth, ninth and tenth grounds for relief are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise these grounds on direct appeal or to appeal the district court's denial of relief on grounds three and four, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. It is "adequate" because the OCCA routinely finds claims which could have been, but were not, raised on direct appeal are procedurally barred. Furthermore, the procedural bar imposed on the ineffective assistance of counsel claims raised in grounds three and four resulted from Petitioner's failure to appeal the denial of his first application for post-conviction relief and is "adequate" to preclude federal habeas corpus review. See Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

Habeas review is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To the extent Petitioner attributes his failure to raise his defaulted claims on direct appeal to the ineffectiveness of his appellate counsel (Dkt. # 9), the procedural bar cannot be excused. It is well established that in certain circumstances, appellate

counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Petitioner did raise an ineffective assistance of appellate counsel claim in his post-conviction proceedings, but failed to appeal the district court's denial of his claim. Thus, Petitioner's procedurally defaulted claim of ineffective assistance of appellate counsel cannot serve as cause for his other procedurally defaulted claims without a showing of "cause and prejudice" for the default of the ineffective assistance of appellate counsel claim. Edwards, 529 U.S. at 453. Petitioner has not made the necessary showing. As a result, the Court concludes he has failed to demonstrate "cause and prejudice" for the default of his claims.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In this case, Petitioner does not assert that he is actually innocent of the crimes for which he

was convicted. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims in grounds 3, 4, 6, 7, 8, 9, and 10. Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 25th day of June, 2008.

                                                  **TERENCE C. KERN**
                                                  **United States District Judge**